UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTOPHER PAUL CONLIN,          )
            Plaintiff,     )
                          )
        v.                ) C.A. No. 04-12600-NMG
                          )
EXPERIAN CORPORATION, ET AL.,)
            Defendants.    )

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, Plaintiff Christopher Paul
Conlin shall pay the filing fee for this action or submit a
fully completed Application to Proceed Without Prepayment of
Fees. The clerk shall provide a blank form to the Plaintiff
along with this Order.  Plaintiff's Motion to Proceed *pro se*
(Docket No. 1) is Allowed to the extent Plaintiff may
represent himself in this action; otherwise the motion is
Denied without prejudice to filing for a fee waiver as
provided herein.

<u>BACKGROUND</u>

On December 7, 2004 Plaintiff Christopher Paul Conlin
filed a document styled as "Plaintiff's Motion to Proceed in
Pro Se" (Docket No. 1), stating he is indigent. The motion was
accompanied by a portion of his tax return, dated January 3,
2004. Plaintiff also filed a complaint against three diverse
credit businesses, Experian Corporation, Equifax Corporation
and Trans Union Corporation, alleging diversity jurisdiction

over his tort action for personal injury arising out of
Defendant's dissemination of an adverse credit report of the
Plaintiff.

More specifically, Plaintiff alleges that on August 2,
1996 he paid money owed to the IRS and received a "Certificate
of Release of Federal Tax Lien." (Compl. ¶6).  He claims he
believed this information would be removed from his credit
report. (Compl. ¶7).  Some time in 2004 (the date is not
specified), Plaintiff applied for a credit card and was
refused credit. (Compl. ¶7).  He checked his credit report and
"found a multitude of incorrect and derogatory information..."
on his report, including the Tax Lien which he had paid in
full. (Compl. ¶7). Other discrepancies included unauthorized
and unknown credit accounts, creditors, or credit lines with
various banks and financial institutions. (Compl. ¶8).

Plaintiff attempted, without success, to correct the
reporting problems by calling the defendants.  He then sent
the Tax Release Certificate to the Defendants along with
inquiries about the other credit issues. (Compl. ¶9). All
attempts were unsuccessful.  As a result, Plaintiff alleges
his credit report has been permanently damaged, and the
defendants' behavior was "unfair, arbitrary, and capricious"
and that his reputation has been "tarnished." (Compl. ¶10).

2

He seeks $1 million dollars in damages as well as expungement of all derogatory information contained in his credit report, and further seeks to receive an updated credit score.

<u>ANALYSIS</u>

I.  <u>Plaintiff Must Pay the Requisite Filing Fee Or Submit An Application to Proceed Without Prepayment of the Fees</u>

A party filing an action in this Court must either (1) pay the requisite filing fee for the action ($150 for civil actions; $5 for habeas petitions) or (2) file an application to proceed *in forma pauperis* on the form required by this Court, entitled "Application to Proceed Without Prepayment of Fees and Affidavit" (the "Application").  <u>See</u> Fee Schedule for the District of Massachusetts; 28 U.S.C. §1914 (fees); 28 U.S.C. §1915 (*in forma pauperis).*

Because Plaintiff has not paid the filing fee or submitted an application for waiver of the filing fee (or an acceptable equivalent), he shall be granted additional time to do so.  Within thirty-five (35) days of the date of this Order, Plaintiff shall either pay the $150.00 filing fee, or submit a completed Application to waive the filing fee.

II.  <u>Plaintiff's Claims Are Subject To Preliminary Screening</u>         <u>Pursuant To 28 U.S.C. §1915</u>

Since Plaintiff has sought permission to proceed in this action without prepayment of the filing fee, the complaint is

3

subject to the screening provisions of 28 U.S.C. §1915.  See
28 U.S.C. §1915 (proceedings *in forma pauperis*).  Section 1915
authorizes federal courts to dismiss actions in which a
plaintiff seeks to proceed without prepayment of fees if the
action lacks an arguable basis either in law or in fact,
Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state
a claim on which relief may be granted, or seeks monetary
relief against a defendant who is immune from such relief.
See 28 U.S.C. § 1915(e)(2).  The Court recognizes, however,
that *pro se* complaints must be liberally construed, Haines v.
Kerner, 404 U.S. 519, 520-21 (1972).

    In the instant case Plaintiff's alleged tort claim
purports to be based on the diversity jurisdiction of this
Court since all parties appear to be diverse.  However,
notwithstanding that Plaintiff claims $1 million dollars in
damages, there is some uncertainty as to whether Plaintiff's
claims for damages would exceed $75,000, as is necessary to
meet the jurisdictional prerequisite under 28 U.S.C. §1332(a).

    The Court need not address the diversity jurisdiction
issue at this time, and will not dismiss this action *sua
sponte*, since it appears Plaintiff may invoke the federal
question jurisdiction of this Court pursuant to 28 U.S.C.

4

§1331, as a claim for violations of the Fair Credit Reporting
Act (FCRA). Consumer Credit Protection Act, §602 et seq., as
amended, 15 U.S.C.§1681 et seq.

"The FCRA creates a private right of action against
consumer reporting agencies for the negligent or willful
violation of any duty imposed under the statute." McKeown v.
Sears Roebuck & Co., 335 F. Supp. 2d 917, 928 (W.D. Wis.
2004); 15 U.S.C.§§ 1681o (negligent violations) and 1681n
(willful violations); (citation omitted).  A consumer
reporting agency may be liable for actual damages, costs and
attorney fees for negligent violations. Id.; 15 U.S.C. §1681o.
Punitive damages may be available for a willful violation.
Id.; 15 U.S.C. §1681n.  A consumer reporting agency is
obligated under the FCRA to follow "reasonable procedures to
assure maximum possible accuracy" of the information contained
in a consumer's credit report. Id.; 15 U.S.C. §1681e(b).[1]  The

---

[1] Section 1681e provides as follows:

Every consumer reporting agency shall maintain reasonable
procedures designed to avoid violations of section 1681c of
this title and to limit the furnishing of consumer reports to
the purposes listed under section 1681b of this title. These
procedures shall require that prospective users of the
information identify themselves, certify the purposes for
which the information is sought, and certify that the
information will be used for no other purpose. Every consumer
reporting agency shall make a reasonable effort to verify the
identity of a new prospective user and the uses certified by
such prospective user prior to furnishing such user a consumer

report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

(b) Accuracy of report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

(c) Disclosure of consumer reports by users allowed

A consumer reporting agency may not prohibit a user of a consumer report furnished by the agency on a consumer from disclosing the contents of the report to the consumer, if adverse action against the consumer has been taken by the user based in whole or in part on the report.

(d) Notice to users and furnishers of information

(1) Notice requirement.--A consumer reporting agency shall provide to any person--

(A) who regularly and in the ordinary course of business furnishes information to the agency with respect to any consumer; or

(B) to whom a consumer report is provided by the agency;

a notice of such person's responsibilities under this subchapter.

(2) Content of notice.--The Federal Trade Commission shall prescribe the content of notices under paragraph (1), and a consumer reporting agency shall be in compliance with this subsection if it provides a notice under paragraph (1) that is substantially similar to the Federal Trade Commission prescription under this paragraph.

(e) Procurement of consumer report for resale

(1) Disclosure.--A person may not procure a consumer report for purposes of reselling the report (or any information in the report) unless the person discloses to the consumer reporting agency that originally furnishes the report--

6

(A) the identity of the end-user of the report (or information); and

(B) each permissible purpose under section 1681b of this title for which the report is furnished to the end-user of the report (or information).

(2) Responsibilities of procurers for resale.--A person who procures a consumer report for purposes of reselling the report (or any information in the report) shall--

(A) establish and comply with reasonable procedures designed to ensure that the report (or information) is resold by the person only for a purpose for which the report may be furnished under section 1681b of this title, including by requiring that each person to which the report (or information) is resold and that resells or provides the report (or information) to any other person--

(i) identifies each end user of the resold report (or information);

(ii) certifies each purpose for which the report (or information) will be used; and

(iii) certifies that the report (or information) will be used for no other purpose; and

(B) before reselling the report, make reasonable efforts to verify the identifications and certifications made under subparagraph (A).

(3) Resale of consumer report to a federal agency or department.-- Notwithstanding paragraph (1) or (2), a person who procures a consumer report for purposes of reselling the report (or any information in the report) shall not disclose the identity of the end-user of the report under paragraph (1) or (2) if--

(A) the end user is an agency or department of the United States Government which procures the report from the person for purposes of determining the eligibility of the consumer concerned to receive access or continued access to classified

7

defendants here appear to be consumer reporting agencies as defined in the FCRA, 15 U.S.C. §1681(a)(f). <u>See</u>, <u>e.g.</u>, <u>McKeown</u>, 335 F. Supp. 2d at 924.

Accordingly, Plaintiff shall be permitted to file an Amended Complaint within thirty-five (35) days of this Order to allege a violation of the FCRA and to assert any other causes of action which may be available to him. This authorization to file an amended complaint shall not be construed as a finding by this Court as to the merits of Plaintiff's claims at this time.

<u>CONCLUSION</u>

ACCORDINGLY, for the foregoing reasons, it is ORDERED:

(1)     Plaintiff shall either pay the filing fee for this action or submit an application to proceed without prepayment of fees within 35 days of the date of this Memorandum or Order; Failure to comply with this Order will result in dismissal of this action;

(2)     Plaintiff may file an Amended Complaint within

_____

information (as defined in section 1681b(b)(4)(E)(i) of this title); and

(B) the agency or department certifies in writing to the person reselling the report that nondisclosure is necessary to protect classified information or the safety of persons employed by or contracting with, or undergoing investigation for work or contracting with the agency or department.

thirty-five (35) days of the date of this Order;

(3)     The Clerk shall send Plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit.

(4)     Plaintiff's Motion to Proceed *pro se* (Docket No. 1) is Allowed to the extent Plaintiff may represent himself in this action; otherwise the motion is denied without prejudice to filing for a fee waiver as provided in this Order.

Dated at Boston, Massachusetts, this <u>17th</u>  day of <u>December</u>, 2004.


                              <u>/s/ Nathaniel M. Gorton</u>
                              NATHANIEL M. GORTON
                              UNITED STATES DISTRICT JUDGE