United States District Court
District of Massachusetts

| | |
|---|---|
| CHRISTOPHER CONLIN,<br><br>     Plaintiff,<br><br>     v.<br><br>EQUIFAX CORPORATION et al.,<br><br>     Defendant. | Civil Action No.<br>04-12600-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

The subject motion concerns the erroneous publication and dissemination of a pro se litigant's personal information. Plaintiff Christopher Conlin ("Conlin") filed a lawsuit in this Court in December, 2004, simultaneously moving to proceed in forma pauperis. Conlin's submission to the Court, however, included an unsealed document containing sensitive, personal information, including his social security number, account numbers and other details related to his income tax filings.

Although his case was dismissed in 2005, the public filings in this litigation were posted on the internet to various websites that collect documents indiscriminately from federal cases. This resulted in Conlin's personal information being widely distributed and accessible to all with a modem, pursuant to which Conlin states that his credit and banking information have been compromised.

In January, 2014, and again in March, 2014, Conlin, acting pro se, filed motions in this Court to remove and/or expunge information concerning this case from the internet. As part of those efforts, Conlin sent a letter to the Court containing personal information. He subsequently acquired counsel and, on April 2, 2014, filed a motion to seal the case or, in the alternative, for a protective order with respect to his personal information.

In federal courts, a presumption of public access to judicial records exists. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). In evaluating motions to seal, the public's interest is weighed against the privacy interests of those affected. Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998). Although the Court must balance those competing interests, it "enjoys considerable leeway in making decisions of this sort." Id.

Here, the decision is easy. The public has little, if any, interest in accessing documents in this case and Conlin has an overwhelming interest in maintaining his privacy. Thus, while the Court cannot put the genie back into the bottle nor will it seal the entire case, the Court will seal the documents at issue to prevent their further dissemination.

## ORDER

In accordance with the foregoing,

1) plaintiff's motion to remove all cases from the internet (Docket No. 16) is **DENIED**;

2) plaintiff's motion to expunge the case from the internet (Docket No. 18) is **DENIED**;

3) plaintiff's motion to seal the case or in the alternative, for a protective order as to docket entries 1 and 17 (Docket No. 20) is **ALLOWED, in part,** and **DENIED, in part;** and

4) Docket No. 1 (plaintiff's motion for leave to proceed in forma pauperis) and Docket No. 17 (plaintiff's letter to the Court) are sealed.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 7, 2014